WILLIAM E. SEWELL, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May 14, 1937—Decided June 21, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Mulligan & Koenig.*

For the respondent, *William E. Sewell, pro se.*

The opinion of the court was delivered by

Donges, J. This is an appeal from a judgment of the Second District Court of Jersey City in an action for deceit based upon alleged false and fraudulent representations made by defendant's agent in order to induce the plaintiff to rent an apartment in premises owned by defendant in Jersey City. It was testified at the trial that a hostess-tenant with authority to negotiate the rental of apartments to prospective tenants informed the plaintiff, in response to inquiries, that the apartment was free from vermin. It subsequently developed that vermin were present and because of such vermin plaintiff was forced to move and to discard certain articles of furniture. It is not claimed that the defendant authorized the making of any such false representations or that it had knowledge of them. The attempt is to hold an innocent principal in deceit for the unauthorized fraud of an agent.

Motion was made for a directed verdict upon the ground that an innocent principal is not liable in deceit for the unauthorized fraudulent representations of an agent. This motion was denied and judgment was rendered for the plaintiff.

We are of the opinion that the judgment cannot stand. Chief Justice Beasley said, in *Kennedy* v. *McKay,* 43 *N. J. L.* 288:

"In the light of such authorities it is clear that an innocent vendor cannot be sued in tort for the fraud of his agent in effecting a sale. In such a juncture the aggrieved vendee has, at law, two, and only two remedies; the first being a rescission of the contract of sale and a reclamation of the money paid by him from the vendors, or a suit against the agent, founded on deceit. But in such a posture of affairs, a suit based on the fraud will not lie against the innocent vendor, on account of the deceit practiced without his authority or knowledge, by his agent."

This has been followed in a number of cases. See *Reitman* v. *Fiorillo,* 76 *N. J. L.* 815; *Mick* v. *Corporation,* 87 *Id.* 607. In *Crescent Ring Co.* v. *Travelers Indemnity Co.,* 102 *Id.* 85, Chancellor Walker said that the holding of the McKay case quoted above was *dictum,* but was judicial *dictum* and entitled to great weight, and the principle was in fact adopted in that case.

In *Mick* v. *Corporation of Royal Exchange, &c., supra,* Mr. Justice Parker, speaking for the Court of Errors and Appeals, said:

"The responsibility of an innocent principal for the fraud of an agent has been one of the vexed questions of the law. That an innocent principal cannot, as a general proposition be permitted to benefit by the fraud of his agent, has been settled in this court. \* \* \* *It seems to be settled that a principal is not liable in tort for deceit, upon fraudulent representations made by his agent without his knowledge or consent (Kennedy* v. *McKay,* 43 *Id.* 288; *Decker* v. *Fredericks,* 47 *Id.* 469; *White* v. *New York, Susquehanna and Western Railroad Co.,* 68 *Id.* 123) ; *the remedy in such case resting on a rescission of the contract."*

It seems clear that, whatever may be the binding effect of the fraud of an agent on an innocent principal under the circumstances of the various cases, such a principal is not liable in tort in an action for deceit for the unauthorized fraudulent representations of his agent, of which he had no knowledge.

The judgment is reversed, with costs.